122-1341 W.C. Robert Starbuck, Appellant by Michael Greco v. The Illinois Workers' Compensation Commission, City of Chicago, Appalachia, by Alksa Grigolounis. Mr. Greco, you may proceed. Thank you, Your Honor. May it please the Court and the Justices of the Court, Counsel, and the Clerk. I am Michael Greco, and I represent the Starbuck in this case. As noted in the briefs, there was a prior decision of the case that limited the recovery to, that limited the compensable injuries to the left arm trauma, as well as the temporary aggravation of a psychological condition, which the, which certain of the defendants' doctors had identified as being resolved by 2012. I submit that the law of the case doctrine, which the respondent is urging, is foreclosing any review of the 8A petition, as it does relate to in part to those conditions, arguably in some part to a cervical condition, which was found not to be compensable, is somewhat altered by the fact that there was a 19H petition by the respondent filed in connection with this case that was resolved in 2021 by the Commission as well. And the 19H petition sought to reduce the compensable, the loss of the person as a whole, caused by these injuries from 40% to 10%. And that petition was denied, but I could not find in the law of the case cases concerning workers' compensation where that issue had specifically been addressed, is the, without reversing prior orders of the court, is the applicability of the law of the case doctrine affected by the 19H petition, which seeks to moderate within the 30 months period, the prior decisions. So I submit that there is a basis for reviewing the 8A petition, as well as the testimony regarding Dr. Krupika of the extent of the psychological injury, albeit the fact that Dr. Krupika's testimony was rejected by arbitrator Simpson in the 2015 and 2016 hearings, which culminated in the original decision that limited the psychological injury to a temporary aggravation of a preexisting psychological condition. As far as the medical bills go, the testimony was somewhat, it was limited by the fact that there weren't additional medical records offered to substantiate the medical bills that were offered in the subsequent 2018 proceeding. But nonetheless, the- Counsel, where in the record will we find a transcript of the proceedings before the arbitrator? It looks as though the transcript of the proceedings is omitted, is not included in the record. And where will we find a copy of the 8A petition? The 8A petition, it appears, was also not included in the record, Judge. So how do we decide the case? On the basis of the ruling of the commission, I submit the findings made by the commission, which were potentially left undisturbed by the circuit court review. So it's really only the order of the commission that Your Honor has to rely on with regard to that, as well as the prior order of the arbit- the orders of the arbitrator. As to the, as to the doctors which the respondent had engaged to examine the petitioner as to psychological condition, there was Dr. Ganellan and Dr. Tudor, both substantially qualified physicians. And it was noted that Dr. Kropika is not a physician and she's a clinical psychologist only. Nonetheless, they were engaged by the respondent and their contact with the petitioner was limited to those engagements. Moreover, as the respondent noted in its brief, Dr. Tudor opined or suggested that the psychological trauma from which the petitioner was suffering as of the date that he examined the petitioner was more probably than not caused by the effects of the litigation. So the effects of the- and that Dr. Tudor opined that he believed, he submitted that the effects, the trauma, this anxiety and depression that petitioner was experiencing, which would be attributed to the accident, would probably dissipate once the litigation were resolved. Now that may or may not be true, but it certainly and that the aggravation of a preexisting condition of depression and anxiety was not so temporary. So I bet that those findings could be reviewed as well, especially where there is a 19-H petition of the respondent identifying that because the petitioner had returned to work and the return to work was, according to his position, based on financial necessity, that there should be a diminution of the award of the- to the person. So we- I do submit that the- Dr. Propeka's testimony with its limitations and with the- could be considered in- at this time as part of the- as part of the causal connection between the psychological trauma that Mr. Starbuck is experiencing at this time or subsequently to the 2017- the 2015 hearing and the injury in 2005. The causal connection of a temporary- of a temporary aggravation has already been established and whether or not the law of the case doctrine applies to the- the length of the temporary aggravation, I don't believe has been resolved. Causal connection was established that leads us to the temporary aggravation of the preexistence caused by the accident. So we submit that there should be a consideration of Dr. Propeka's testimony as to ongoing trauma or aggravation of pre-existing trauma that- that Mr. Starbuck is experiencing. The- the omission to a request for prospective benefits, of course, is an issue that is- that disfavors the petitioner, but nonetheless he has come forth and offered medical bills- not medical bills, pardon me, the- the- well, bills for which he seeks recompense, albeit not substantiated by the- by the contemporaneous medical records. So we submit that it was an error to reject those bills out of hand and the bills that are identifiably related to left arm treatment or to psychological treatment should be awarded based upon certainly Dr. Propeka's testimony as well as Dr. Tudor's contemplation that the ongoing injury- that there is ongoing injury and that it may be related to the penalty of litigation in contrast to the- in contrast to the original accident. We submit that there is equivocation there that should be resolved on a full hearing. And uh- Yeah, justices, that's all I have. Okay, any questions from the court? None? Mr. Greco, you have time in reply. Thank you. Gregalunas? Gregalunas. Am I close? Yes. May it please the court, my name is Alxa Gregalunas and I represent the Apelli City of Chicago. And as Justice Hoffman indicated, I would posit that because there is no record of the evidence that was heard at the commission before you, I would argue that there is no evidence upon which to reverse the decision. Therefore, I would request that either the Illinois Workers' Compensation Commission decision be affirmed in all respects or that this appeal be dismissed with prejudice. But just to go over the facts of the case a little bit, the question before this court is essentially whether or not the employer is liable for certain medical bills submitted for treatment following the last trial and decision in this case. The commission correctly found that they are not liable for several reasons. First, the bills from Premier Healthcare and Drs. Pontenon and Kjokermeister do not distinguish between the related left arm condition and the unrelated cervical spine condition. The bills from Dr. Krupica were denied due to no evidence or medical records or testimony relating these bills to the 2005 work injury. The bills for the prescriptions were also denied due to failure to prove that these were related to the 2005 injury. These findings were very simple and based on the fact that for at least many of these bills, zero medical records or medical The petitioner claims in his brief that the petitioner's testimony is enough to find causal relationship, but the petitioner's testimony is self-serving, is not a medical opinion, and therefore the commission correctly did not place any weight on his testimony. Regarding the petitioner's arguments that the arbitrator should not have found Dr. Krupica to be non-credible, again, this was an issue previously decided by the commission. I have argued in my brief that it's the law of the case and should not be disturbed on review. For these reasons, the appellee city of Chicago requests that this court affirm the commission's decision or dismiss the appeal with prejudice due to the lack of record present before you. Thank you, Ms. Grigal. I'm going to try it again. Grigal Leonis, right? Yes. Thank you, counsel. Mr. Greco, you may reply. Um, thank you, Your Honor. I submit that Mr. Starbuck's testimony is not entitled to no credibility whatsoever, but of course, he's not a physician, and it would have been much more compelling, of course, had he presented the medical records that related to those for which he's seeking treatment. However, as to those bills which are ascribed to the left arm injury, I submit that there is sufficient evidence to establish that those bills relate to that injury and are compensable, notwithstanding the fact that he might've had some injury, some trauma or injury in his left arm that relate, that is caused by cervical injury. As for the law of the case doctrine, again, I couldn't find a case that the cases that I found either find causal connection or no causal connection. And that is the finding that is deemed law of the case. Obviously, law of the case is a judicial doctrine. It's not part of the Workers' Compensation Act. And so I believe it should be restricted to the limited purpose of establishing that the causal connection between temporary aggravation of Mr. Starbuck's psychological condition was caused by the accident, even though it aggravated a preexisting condition, and that that causal connection is the law of the case that can be relied upon. I don't submit that that prior order precludes any recovery by Dr. Kropicka of any of her subsequent bills. Again, especially with Dr. Cooter, the respondent's doctor, positing that some part of the, that Mr. Starbuck has ongoing psychological injury, even though he ascribed it to the litigation of this application for a justice of claim, rather than specifically to the trauma. There's no question that there is ongoing psychological trauma that Mr. Starbuck is experiencing, and that causal connection between the accident and at least the temporary aggravation of his preexisting psychological injuries was established and found by arbitrators and the commission in 2017 and 2018. Thank you. I don't believe there are any further questions or questions from the court. Mr. Greco, thank you. Counsel, Greg Aliunas, thank you so much. This matter will be taken under advisement, a written dispositional issue.